## MATTIE LOU BAKER v. WALTER JOSEPH BAKER

6 So. (2nd) 851            Division A
January 27, 1942      On Rehearing February 17, 1942
                   Adhered to March 17, 1942.

Smith & Axtell and W. Gregory Smith, for appellant.

T. J. Swanson, for appellee.

PER CURIAM:

Appeal brings for review order and judgment quashing and dismissing rule nisi in contempt proceedings which order and judgment is as follows:

"The defendant, hereinafter called Petitioner, and the Complainant, hereinafter called Respondent, have heretofore been divorced by a decree of this Court entered in July, 1935. To this writer consideration of this and other like causes is melancholy business, for it amounts to a judicial digging and scrabbling around around in the wreckage of what was once a happy home now bombed to splinters by disagreement, discord and strife.

"Petitioner seeks to require Respondent to make certain payments on a mortgage on a house and lot in Lakeland, Florida, in accordance, as she alleges, with the terms of the final decree of divorce above mentioned. Incorporated in that decree was certain

stipulations between the parties regarding alimony to Petitioner, payments on the mentioned mortgage, etc. The alimony payments were to cease if Petitioner remarried. She remarried and the payments ceased. Respondent was also required to maintain, for the protection of Petitioner, an insurance policy in her favor, for the sum of $3000, so long as she remained unmarried. Respondent was also required to make proper provision for the payment of the mortgage from his estate, should he die before all payments were completed, provided, that at the time of his death Petitioner was still the owner of, and in possession of, and using the mortgaged property, which was a dwelling, as her home.

"From a careful restudy of the provisions of the agreement, as incorporated in the decree, it seems clear that the intent was, on the part of the Respondent, and which was, at that time acceptable to Petitioner, to provide her with maintenance and a home as long as she remained unmarried, and that if she used the property as her home, and remained unmarried, Respondent would make the mortgage payments, and also provide for the payment of any unpaid installments out of his estate, if any there were at the time of his death, provided she was using the property as her home.

"It is agreed between counsel for the parties that Petitioner is not occupying the dwelling as her home, and has not done so for a long period of time, but that instead she is a resident of Jacksonville Beach, and has been for a considerable period of time, and apparently as the Court sees it, has abandoned the use of the dwelling at Lakeland as her home.

"A study of the entire stipulation incorporated in the decree, as regards this property, and the general intent and purpose thereof, was that Respondent, if he lived must make these mortgage payments and must safeguard them in case of his death by provision that any remaining unpaid installments should be paid out of his estate, provided, the Petitioner was using the dwelling as her home. If she was not, then Respondent was under no obligation to provide for any such payments out of his estate.

"Now, it is not entirely reasonable to conclude, that if Respondent's estate would not be liable for any of these payments in case he died before they were all made, unless Petitioner continued to occupy the dwelling as her home, would he not be relieved from further payments in his lifetime, if the Petitioner ceased to occupy the dwelling as her home, abandoned it as such, and removed herself to another part of the State in which to live, as she has done. If the stipulation is otherwise construed, it would create the peculiar situation of the Respondent being required to do something in his lifetime which he would not be required to do out of his estate if he died, if Petitioner was not using the property as a home at the time of his death. It seems now to the Court that the real purpose of the agreement was to provide for the maintenance of Petitioner, and to provide her a home, which benefits she could relinquish if she so desired (1) by remarrying and (2) by failing to use the property as her home, and that if she did remarry, and did abandon the property as her home, then the Respondent was relieved from his obligation under the agreement.

"The question of these mortgage payments has heretofore been before the Court, at which time the Court was of the opinion that the law precluded the release of Respondent from making these mortgage payments, regardless of whether the Petitioner remarried, and regardless of whether she used the property as her home or not. But now, after a further study of the situation, as shown by the agreement, it is the opinion of the Court that each of these parties are bound thereby, and that the stipulations being mutually agreed to by the parties and incorporated with their consent in the decree, and that the same not being unreasonable or arbitrary, the law will not operate to relieve either of them from the agreement and obligation therein assumed, nor impose upon either of them obligations other than is shown by the agreement itself and the reasonable intent and purpose thereof.

"Therefore, the Court being of aforesaid opinion, it is ordered that the Petition for the Rule be, and the same is hereby dismissed, and that the Rule, as heretofore issued, be and the same is hereby quashed.

"Done and ordered this April 4th, 1941, at Mayo, Florida."

Neither the final decree nor the property settlement agreement referred to in the foregoing order are exhibited to us in the transcript of the record here.

From the entire record before us, we cannot say reversible error is made to appear.

So the decree is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.

## ON REHEARING

PER CURIAM:

It appears from the record as now before us that on July 14, 1941, we made an Order herein allowing transcript of record filed in this cause on a former appeal entered September 10, 1938, to be referred to and considered as a part of the record on the appeal now before us.

Thereafter, on December 17, 1941, the cause was submitted to the Court but the former transcript referred to, supra, was not placed with the file when same was considered by the Court and, therefore, the final decree and property settlement as shown in the former transcript of record was not considered when we entered our judgment herein on January 27, 1942.

Upon this being brought to our attention, we, on February 7, 1942, granted Petition for Rehearing and we now reconsider the record, including the final decree and property settlement above referred to.

Having considered the record as so presented, we are unable to say that reversible error is made to appear. Therefore, we adhere to our former judgment affirming the decree appealed from.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concurring.

## ON RECONSIDERATION

PER CURIAM:

Pursuant to our order of February 7th, 1942, granting a reconsideration of the record in this case, we have now considered the same in the light of the final decree and property settlement agreement referred to

in our opinion of January 27, 1942, when taken in connection with the balance of the record.

So having considered the matter, we reach the conclusion that the construction placed upon these documents by the circuit judge in his order, which was challenged on this appeal, is warranted by the contents of the record.

It follows that our judgment of affirmance heretofore rendered on January 27, 1942, should be, and is, adhered to.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.